IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DJUANTAE LAMAR BOYD,<br>    Plaintiff,<br><br>v.<br><br>DANVILLE PUBLIC SAFETY<br>BUILDING, et al.,<br>    Defendants. | Case No. 2:18-cv-02040-JEH |

**Order**

Now before the Court is the Plaintiff's "Attachment Motion for Leave to File an Amended Complaint" (Doc. 29). The matter is fully briefed and for the reasons set forth below, the Motion is DENIED.

Upon merit review of the Plaintiff's original Complaint on May 14, 2018, the Court determined that Plaintiff stated a 14th Amendment claim for deliberate indifference to a serious medical need against Defendants Shelly Harding and Marcie Miller while he was detained at the Vermilion County Jail. Defendant Danville Public Safety Building was dismissed as it is not a person amenable to suit under 42 U.S.C. § 1983. Earlier, on February 14, 2018, just nine days after he filed his original Complaint, the Plaintiff was transferred from the Vermilion County Jail to Stateville Correctional Center and weeks later was transferred to Sheridan Correctional Center. In his Motion, the Plaintiff seeks to amend his complaint to: ask for injunctive relief; add a claim under the Illinois Administrative Code; and seek punitive damages claims. The Scheduling Order entered in this case on July 26, 2018 provided that leave of court is required to file an amended complaint more than 21 days after an answer or other responsive

1

pleading is filed. The Defendants filed their Answer and Affirmative Defenses on July 13, 2018. Discovery closes February 27, 2019.

At this stage of the case, after the Court's Scheduling Order deadline to amend the pleadings has expired, the Plaintiff must show "good cause" to amend his complaint. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *Trustmark Ins. Co. v. Gen. & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005) ("To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause'"). Good cause requires a showing of diligence by the party seeking the amendment. *Trustmark Ins. Co.,* 424 F.3d at 553.

In their Response to the Plaintiff's Motion to amend, the Defendants first argue Plaintiff does not get past the first requirement to successfully seek a preliminary injunction as he is no longer detained at the Vermilion County Jail; thus, he will not suffer irreparable harm because he is no longer exposed to the officials he is suing. They next argue that while the Plaintiff does have the right to pursue his Constitutional claims, he does not have a private right of action to enforce the county jail standards as he attempts to do by including a count under the Illinois Administrative Code. Finally, the Defendants argue that the Court's May 14, 2018 Merit Review Order has already disposed of the Plaintiff's claim pursuant to the Illinois Administrative Code.

The Plaintiff did not exercise diligence in seeking to amend his Complaint and so his Motion to amend is denied. The Plaintiff's deadline to amend his Complaint has long since passed. Also, for the reasons argued by the Defendants, the Motion is denied. Finally, "[Federal Rule of Civil Procedure] 54(c) contemplates an award of punitive damages if the party deserves such relief – whether or not a claim for punitive damages appears in the complaint." *Soltys v. Costello*, 520 F.3d 737, 742 (7th Cir. 2008). The Court notes that the request for relief

in the Plaintiff's original Complaint states he seeks "the maximum amount permitted [sic] to receive from this civil suit[.]" (Doc. 1 at pg. 8). Thus, it is unnecessary for the Court to grant the Plaintiff leave to amend to include a prayer for punitive damages.

*It is so ordered.*

Entered on January 16, 2019.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE